**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **Nieves,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | Civil Action No. 06-5206 (DRD) |
| v. | : | |
| | : | |
| **Ortiz, et al.,** | : | **OPINION** |
| | : | |
| | : | |
| **Defendants.** | : | |

**SHIPP, UNITED STATES MAGISTRATE JUDGE**

### I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Sanctions for Spoliation. For the reasons set forth below, the Court grants Plaintiff's motion.

### II. FACTUAL BACKGROUND

The within dispute is based on the Defendants' destruction of a package of capsules that the Plaintiff was accused of possessing in November 2004. Plaintiff was formerly an inmate at East Jersey State Prison. Defendants accused Plaintiff of having a bag of 29 capsules in his possession immediately following a strip search. (Pl.'s Moving Br. 1.) After seizure, the package was placed in a special investigation locker by Defendant Sorrell. *Id.* At the same time, Defendant Sorrell completed the confiscation forms associated with the seizure. *Id.* From the

point of the seizure forward, the package of capsules was in the sole custody of the Defendants.

*Id.* at 2.

On December 15, 2004, former Defendant Hearing Officer Nolley found the Plaintiff guilty of possession of prohibited substances not prescribed for an inmate. (Defs.' Opp'n Br. 2.) Plaintiff twice appealed the agency decision to the Superior Court of New Jersey, Appellate Division. *Id.* The Appellate Division stated:

> We are convinced that the final determination must be reversed. . . . Nieves asserts that the pills found in the frisk room after his search did not belong to him. Nieves argues that a package of pills of the size recovered would in all probability have been discovered during his strip search. Sorrell has stated that he was standing behind Nieves when he observed the pills fall to the floor. No other officer corroborated Sorrell's assertion. Moreover, it appears that Sorrell was on the other side of the room at the time. . . . In addition, the hearing officer's decision indicates that she may have erroneously placed the burden of proof upon Nieves to establish that the pills were not his.

(Defs.' Opp'n Brief, Exhibit C, Docket No. A-2212-04T1 at 7-8.) The Appellate Division provided clear instructions when it reversed and remanded to the Department of Corrections. The instructions included:

> In the adjudication report, the hearing officer shall make a thorough and complete record of any confrontation and cross-examination and shall detail the evidence upon which the hearing officer relied in making the determination. N.J.A.C. 10A:4-9.15(b). The hearing officer shall fully explain the factual basis for any credibility findings. The report shall make clear that the burden of proof rests with the Department, not the inmate.

*Id.* at 10.

On July 13, 2006, Plaintiff was adjudicated "not guilty." (Pl.'s Moving Br. 3.) The Hearing Officer noted:

> At this time (7-13-06) it is factually established that there are no contraband seizure forms in this case. (No forms are found within the original evidence

2

> package and, EJSP's investigating Sgt can not find any to submit and
> EJSP's SID say none are attached to the contraband they possess.) This is
> a clear violation of 10A procedure and, therefore, the contraband, at hand
> is not reliable and can not be used for any adjudication purposes, without
> this physical evidence.  IM is found N/G of any rule violation.

(Pl.'s Moving Br., Exhibit F.)

On October 26, 2006, Plaintiff filed the present lawsuit for malicious prosecution and violation of his civil rights.  (Pl.'s Moving Br. 4.)  On December 4, 2006, the seized bag of pills was destroyed in a "routine evidence burn."  (Defs.' Opp'n Br. 3.)  The Court issued summonses to all Defendants on December 7, 2006, which were served on either December 19 or 20, 2006.  *Id.*

Plaintiff argues that since the case had been appealed twice as of December 2006 it was "foreseeable that Plaintiff would seek discovery" regarding the capsules.  (Pl.'s Moving Br. 6.)  Plaintiff asserts that the person who appears to have ordered the destruction of the capsules was familiar with the Plaintiff's case because that person previously submitted a declaration regarding the capsules.  *Id.*  Plaintiff argues that he is not required to show that Defendants acted in bad faith, but only that they had a duty to preserve the evidence as it was central to an ongoing litigation and Defendants failed to meet this duty.  *Id.* at 7.

Plaintiff seeks: 1) a spoliation inference that forensic analysis of the seized capsules and their packaging would have been unfavorable to the Defendants; 2) an order granting judgment in favor of the Plaintiff on Defendants' defense that the Plaintiff was factually guilty, despite having been found not guilty at the July 13, 2006 adjudication; 3) an award of the costs and attorneys' fees associated with this motion; and 4) such other and further relief as the Court deems just and appropriate.  (Pl.'s Moving Br. 8.)

Defendants largely rely on the asserted contrast between the facts of the present case and those of *Kounelis v. Sherrer*, where digital video footage of a physical altercation between a prison inmate and officers was recorded but was subsequently overwritten before it was preserved. 529 F. Supp. 2d 503 (D.N.J. 2007). Defendants argue that there is nothing in the record to support the conclusion that there was actual suppression or withholding of evidence because the evidence in the present case *was* preserved until almost six months after the Plaintiff had been adjudicated not guilty but destroyed *before* Defendants received *notice* of the present lawsuit. (Defs.' Opp'n Br. 7.) In addition, Defendants assert that notwithstanding the court's decision in *Kounelis* to award fees and an adverse inference, the *Kouneli*s court did not bar the defendants from producing evidence to counter the plaintiff's version of the events. *Id.* at 7-8.

### III. DISCUSSION

Spoliation is defined as the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 519 (2008)(quoting *Mosaid Tech. Inc. v. Samsung Elec. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004)). Potential sanctions for spoliation may include a spoliation inference,[1] granting judgment in favor of the prejudiced party, and attorneys' fees. *Id.* The Court will address each of Plaintiff's requested sanctions in turn.

**A.   Spoliation Inference**

Plaintiff requests a spoliation inference. Such an inference is applied in situations where four elements are satisfied: 1) the destroyed evidence was within the spoliator's control. *Kounelis*, 529 F. Supp. 2d at 520 (citing *Mosaid Tech. Inc.,* 348 F. Supp. 2d at 336) ; 2) "it must

---

[1]A spoliation inference is an adverse inference against the spoliator.

appear that there has been actual suppression or withholding of the evidence." *Id.*; 3) the evidence destroyed was relevant to a defense or claim of the party seeking the evidence. *Id.*; and 4) it was reasonably foreseeable that the evidence would be subject to discovery. *Id.*

First, the package of capsules was secured in a storage area maintained by Defendants and specifically designated for the storage of such items. (Smith Dep. at 13.) Therefore, the evidence was clearly in the Defendants' control. Second, the circumstances suggest that there was actual suppression/withholding of evidence. Clearly, a large package of pills that may have been concealed so deeply in a body cavity that it went undetected in a strip search might show considerable wear upon examination. None of the surviving incident reports state anything with regard to the physical condition of the package that would indicate that it was so concealed. In addition, an email sent from Terrence Smith to Richard Salort on July 11, 2006, states:

> Sgt., EJSP/SID has no videotape regarding the 11-06-04 incident involving Nieves. Upon checking our files I also could not locate any 171-I and 171-II forms regarding the seizure of the 29 capsules. The capsules will be sent to the NJSP lab later this week.

(Pl.'s Moving Br., Exhibit C.) No evidence was ever provided to Plaintiff as to what tests, if any, were carried out on the capsules or as to the test results. (Pl.'s Moving Br. 3.) It appears from the facts of the case as though the destroyed evidence was not favorable to the Defendants and that they would accordingly seek to suppress it. Therefore, the Court finds that Plaintiff satisfied the second element.

Third, the evidence destroyed was clearly relevant to claims or defenses, since it was the sole item which spawned this entire case and controversy. Fourth, it was reasonably foreseeable, given the injuries suffered by the Plaintiff which were not redressed by the "not guilty"

adjudication, that Plaintiff would file a civil suit and the evidence would later be discoverable in the related civil action. The Defendants were not actually *served* with the complaint until December 19 and December 20, 2006. However, it was reasonably foreseeable that Plaintiff would file a civil suit, especially considering the fact that the person who appeared to order the destruction of the capsules was personally familiar with the Plaintiff's case. (Pl.'s Moving Br. 6.) It was also reasonably foreseeable that the capsules would play a critical role in the civil suit.

Therefore, having considered all the factors, the Court finds that a spoliation inference is an appropriate sanction in the present case.

**B.     Dismissal**

Dismissal of a claim is one of the most drastic sanctions and only should be applied in extraordinary circumstances. *Mosaid Tech. Inc. v. Samsung Elec. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004)   The three factors that determine whether such a sanction is warranted are the degree of fault of the alleged spoliator, the prejudice suffered by the non-spoliating party, and whether there is a lesser sanction that would avoid substantial unfairness to the non-spoliating party and could deter similar conduct in the future. *Id.* (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)).

In the present case, all three factors militate in favor of a judgment for Plaintiff on Defendants' defense that Plaintiff was factually guilty of possession of the twenty nine capsules. First, the Defendants were at fault in destroying the evidence. Although the Plaintiff was adjudicated "not guilty" following the Appellate Division's remand, he suffered considerable injuries that were not redressed by the "not guilty" adjudication. Plaintiff suffered serious penalties based on the alleged violation. At the time of the charge, Plaintiff was scheduled to be

released on parole under the Mutual Assistance Program.  (Second Am. Compl. ¶ 35.)  The charges leveled against Plaintiff excluded him from the Mutual Assistance Program which would have allowed him to rejoin his family in 180 days.  *Id.*  The charges also led to disciplinary sanctions.  Plaintiff lost one hundred twenty days of commutation credits, was locked in Administrative Segregation for ninety days and was not permitted to receive visits from his family for 365 days.  (Second Am. Compl. ¶ 37.)

      The Defendants were not actually *served* with the complaint until December 19 and December 20, 2006.  But once the Appellate Division remanded and the hearing officer adjudicated Plaintiff "not guilty," it was reasonably foreseeable that Plaintiff would file a civil suit based on the incident.  A civil suit was certainly foreseeable considering the harsh penalties Plaintiff suffered as a result of the charges as well as the fact that the person who appeared to order the destruction of the capsules was personally familiar with the Plaintiff's case.  (Pl.'s Moving Br. 6.)  It was also reasonably foreseeable that the capsules would play a critical role in the civil suit.  In addition, the Defendants lost the confiscation reports associated with the evidence and failed to provide the results of tests, if any, performed on the capsules.  These factors, combined with the negligible burden to the Defendants in retaining a small package of pills, warrants a conclusion of a high degree of fault of the Defendants.

      Second, the prejudice suffered by the Plaintiff is great.  Plaintiff stated:

> Plaintiff had sought to have the package of capsules fingerprinted, to determine what if any forensic examinations were performed by Defendants, to review the documents relating to the capsules, and to show the jury how difficult it would be to conceal a large package of capsules in a strip search.  None of that will be possible as the capsules have been destroyed and all copies of the confiscation forms and other documents relating to the capsules have vanished.

7

(Pl.'s Moving Br. 2.)

The destruction of the evidence results in Plaintiff being deprived of the use of the evidence in making his argument that the package of pills could not have been concealed on his person during the strip search. Even though there are photographs and written descriptions of the capsules, these are poor substitutes for the actual evidence. Therefore, Plaintiff suffered prejudice as a result of the destruction of the capsules.

Third, while the Court is also granting Plaintiff lesser sanctions, the Court finds that the lesser sanctions alone would not avoid substantial unfairness to the Plaintiff and deter similar conduct in the future. Defendants assert that notwithstanding the court's decision in *Kounelis* to award attorneys' fees and an adverse inference, the *Kouneli*s court did not bar the defendants from producing evidence to counter the plaintiff's version of the events. (Defs.' Opp'n Br. 7-8.) However, the facts of the present case reflect the extraordinary circumstances which warrant the requested sanction. Here, the Defendants destroyed the single most important piece of evidence to a case only six months after it had been decided, when it was reasonably foreseeable that Plaintiff would file a civil suit. The Defendants also mysteriously lost key pieces of supporting documentation (the confiscation reports) even before judgment was rendered. Furthermore, the email from Terrence Smith to Richard Salort reflected that Defendants were scheduled to test the key evidence but no test results, if any, were ever provided to the Plaintiff.

Therefore, having considered all the factors, the Court finds that dismissing the defense that the Plaintiff was factually guilty is an appropriate sanction in the present case.

### C.     Attorneys' Fees

The Court finds that Plaintiff is entitled to an award of reasonable costs and attorneys' fees in connection with this motion.

### IV. CONCLUSION

For the above reasons, Plaintiff's Motion for Sanctions for Spoliation (Docket # 44) is granted.  The Court will enter an order implementing this Opinion.

                       s/ Michael A. Shipp
                       **HONORABLE MICHAEL A. SHIPP**
                       **UNITED STATES MAGISTRATE JUDGE**

Dated: December 31, 2008